Monique Olivier representing the Plaintiff's City of Oakland. I'd like to start with the exhaustion issue. The parties are in agreement on one key issue that is dispositive to this appeal and that is whether the defendant online travel companies are subject to Oakland's tax ordinance is a question that the courts and not the city's tax administrator must resolve. Plaintiff's complaint alleges that defendants are already collecting tax on the marked-up rate that they charge consumers for occupancy in the various hotels in Oakland and that they fail to remit this vital source of income to the city. The defendants remain steadfast in their assertion that they are not subject at all to the taxing authority of the City of Oakland and to the specific provisions of the transient occupancy tax. Well, why didn't the city assess the tax? Excuse me, Your Honor? Why did the city not assess the tax? The city does not have the means at this point to assess the tax. Well, I'm just asking you, they could have done it, couldn't they? They could not have done it, Your Honor, because they could not have assessed the tax. Why not? Because the provisions of the tax ordinance require that the tax administrator get information, facts and information, upon which to base the tax assessment. And in this situation, the defendants contend that they are not subject to the authority. Did he ask for the information? They have since the lawsuit was initiated. They have asked all of the defendants for information. Before they initiated the suit, did they ask for the information? They did not, Your Honor. Why not? Again, at the time that the litigation was commenced, the city was aware that the defendant's position was that they did not have to comply with the ordinance. That seems crazy to me. We have that off. People disagree all the time with the city and say, well, I think they disagree and so might as well just go to the court and ask them to do it and bypass a very well-specified administrative process. It doesn't make any sense to me. If you look at the specific terms of the ordinance and the administrative process that is set out in the ordinance, those terms apply to the assessment. But that assessment can't be done unless and until the defendants comply by providing information. Well, but you have to ask them first. And then if they don't and there's some problem, then maybe you could go to court. You might more appropriately be in State court at that point for their failure to provide information. I don't know. But it just seems odd that in the abstract you would come here without going through the administrative process. Well, I don't think it was an abstract issue at the time that the complaint was filed. Well, but you're saying you can't assess the tax because they don't give you the information, but you hadn't asked them for it. So that's pretty abstract. I mean, we don't, you know, we don't give advisory opinions on something when there's not something, you know, a concrete adverse judgment. So we really would be giving an advisory opinion on the applicability of the tax without actually having a tax imposed. You know, maybe the City of Oakland would get magnanimous and say, well, now we have this, but we don't really want to impose it. So I'm having a little trouble understanding administratively why you're in Federal Court. Well, I don't – I do not believe that it's the case that there's a – that the court would be issuing an advisory opinion, because there clearly at this point is this real dispute. At the time that the complaint was filed, there are – prior to the assessment process, the defendants have an obligation to comply with very specific terms in the ordinance. They're required to register, which they failed to do. They're required to – Let's just take that. They failed to register. If somebody fails to register, what is the city's remedy for that? There is no administrative remedy that is set out in the ordinance for a failure to register. There is also no administrative remedy in the ordinance set out for – for a defendant's Can you cite him for violation? Can you go to State court? There's not – there are no specific provisions within the context of the ordinance. There's no administrative process. So any relief for failure to register ultimately would – would have to be in the context of the – of the court system. The city is free to issue – And you would go to which court for that? I think the city would have – would potentially have its – its option depending on – depending on who the – who the party was on the other side under the normal rules of jurisdiction. With respect, there are also – there's also a violation pled in the complaint for failure to separately state out the – the tax and the separate from the – from the room rate. The way that the defendants approach their – their business model, they bundle the tax and the service fees. But again, there's no administrative process that is set out within the ordinance. But isn't that all predicated on having a tax assessment in order to then determine that issue? It is not, Your Honor. The assessment process is not the normal process for interacting under the ordinance. The ordinance has been set out. It's been – it's been law for many years. And defendants who come under the – companies who come under the terms of the ordinance are required to, without an assessment, comply with the ordinance's terms. That – so all of those obligations take place prior to any assessment that is done. So a defendant is required – a corporation is required to register. A corporation is required to submit tax returns and remit the taxes under the specific provisions that are outlined in the – in the ordinance. And there's – they're also required to do that. And did these guys do that? No. They didn't do anything. And then what did the city do? The city initiated – initiated this action. But are they being sued because they didn't provide tax returns or didn't provide the information or didn't comply with that aspect of the ordinance? Absolutely, Your Honor. All of the – all of the allegations in the complaint encompass those various provisions of the ordinance. And that the violation of the ordinance is not the only claim that is asserted in the complaint. There's also a claim for declaratory relief, as well as claims under the unfair competition law, claims for unjust enrichment and conversion. And so the – all of those claims combined, there's not – certainly not an administrative process in place for each and every one of those claims. In fact, the declaratory – Let's take the unfair competition claim. Could you state what that claim is? The unfair competition claim is actually predicated on several different violations. As you know, the UCL prohibits unfair, unlawful, and fraudulent business activity. And there are claims under each of those prongs. With respect to the fraudulent prong, that is the prong that is predicated on the portion of the ordinance that requires the tax to be set out separately. But it is also based on a common law claim that the – under the UCL generally, the fraudulent prong generally, that the way that the city – that the way that the defendants advertise their – their – the hotel rate, they are misrepresenting that they are – what is actually happening sort of behind the scenes. So they represent that – they represent a room rate to the public. And they suggest in the way that the amounts are laid out that the – that the tax is on that room rate. But in fact, and it's – and as our allegations in the complaint state, the defendants are collecting the tax on that room rate, but they are not remitting that tax. They're remitting only the tax on the – on the wholesale rate that they purchased the room rate. That's basically an unfair competition claim based on their advertising – it's an advertising claim? Basically, Your Honor. Okay. So what if you had – and you're saying that isn't really predicated on? Whether you're right or they're right about the tax. That's correct, Your Honor. So what if you had a situation where there are some claims that are not connected or at least not founded on the tax dispute and then you had some others, then you just have the court make a determination as to whether to stay the case if exhaustion was appropriate and hold those others or proceed forward? That would be – that would certainly be an option, Your Honor. So in your view, which of the claims can you honestly say in your view are not predicated on whether or not the tax should be imposed? I believe they all are with the exception of the first cause of action, which is the claim directly under the ordinance. I think the remainder of the claims do not – are not predicated on the ordinance. I'd like to reserve the remainder of my time for rebuttal, if I may. Thank you. After the litigation started, the city did ask for the information on which it could base the assessment? That is correct, Your Honor. And what response did you get? That the information would not be provided because the defendants insist that they are not subject to the provisions on the ordinance, and that material is in the request for judicial notice that we submitted. Was that part of a motion made in court, or how did that? It was not, Your Honor. It was strictly a letter that was sent from the city to the various defendants and their responses that maintain that they are not subject to the provisions of the ordinance and that they will not provide any information until a determination on that threshold issue has been made. Thank you. Thank you. On behalf of the appellees, Your Honors, the California Campbell and Sentex decisions compel the district court's ruling that Oakland must exhaust the administrative process in its ordinance and, therefore, there is a lack of jurisdiction. It's peculiar for my colleague to say that the administrative process is not the normal process. It's the very process they legislated as the mandated process. Every step is clearly an adequate remedy. Every step involves both parties. And there's no scenario under which you don't end up with a determination that no tax is owed or that a tax is owed and how much, and then that decision is subject to judicial review or enforcement. Well, counsel says that might be a typical situation because then you make the assessment and it goes on up, but here they can't even make an assessment because you won't turn over the foundational documents for them to make an assessment. What is your response to that? And, Your Honor, all due respect to my colleague, that's just plain nonsense. Number one, they submitted for judicial notice on Friday the decision of the hearing officer in Anaheim's administrative process and the OTCs, the online travel companies, appeal from that. That shows, one, that the OTCs did cooperate and provided data. Two, you ended up with a final determination and a record for the court to review. And three, issues were narrowed. At the same time, they're complaining we haven't registered as hotels, which, of course, is one of the issues that would have to be resolved in the assessment process. They, as their documents they submitted on Friday show, they have started an assessment saying, you're a hotel. We've determined you're a hotel and, therefore, we're going to have an administrative hearing on it under their ordinance. And what did the OTCs do? They said, well, then we want our hearing, which it says at the bottom of their letter. You can have a hearing. Ask for it. We did. The hearing, they haven't called the hearing. When they call the hearing, they can get what information is relevant to the hearing. They didn't ask before they started this suit. They didn't ask before they sent that letter. They made a determination without asking us for the information to see whether their determination was correct. And they haven't asked for it since. We're waiting for our hearing date. They don't belong in this court asking this court to opine on whether or not they should exhaust when they've implicated the process themselves. There is now an administrative process going on. Either that hearing or an assessment process has to be done in order for them to have a right tax claim. That's the problem they face. It is absolutely not true that we have refused to provide information. We're waiting for our hearing date. That will set up the process to provide the information. They're trying to leapfrog that. The Campbell and Sentex cases say you cannot do that. Moreover, this notion that they can get around this exhaustion problem by relying on the unfair competition law, section 17200 of the UCL, is simply not true. The complaint is framed clearly that their UCL claim is based on us owing the tax. And the reason they frame the complaint that way, they have no standing to bring any other UCL claim. Number one, what they now argue in their brief and their reply brief is we want to bring a claim on behalf of the consumers. They can't do it. And Your Honors have to look no farther than the UCL. They've had briefs below and briefs before this court and never have given any authority that they can bring such a claim. All you have to do is look at 17204 to see that an action on behalf of consumers or the public can only be brought by the Attorney General. The district attorney on behalf of the people or the city attorney in a city with more than 750,000 people, which is not Oakland. And to bring their own claim on their own behalf, they have to be a person under 17204. And they're not listed. A subdivision government is not a person under 17204. So either they have a tax claim or they don't. And if they don't, they don't have a UCL claim either. That's not an issue that can survive. They're fundamentally wrong about it. There are other claims, as the district court recognized, declaratory relief, injunctive relief, a constructive trust. All that's predicated on us having money that belongs to the city as tax. There's no way around that. And the court rightly recognized no tax claim under their own ordinance is ripe until they have a final assessment because their ordinance says here is how you get to an assessment and no alleged deficiency is due and payable. It says it three times in that ordinance, until the process is exhausted. So there is no tax assessment to bring to the court before they go through the exhaustion process. And, therefore, the court was absolutely correct in dismissing with prejudice. Once they go through the process, once they exhaust, there will then be a right claim for somebody to go to the Federal courts. But it's going to be, Your Honors, a very different case than this one. So why should it be dismissed with prejudice? Because, Your Honor, not only is it they have it now exhausted, there is no assessment that has ripened, there's no tax deficiency that has ripened due and payable until they go through the process. And they can't fix that now. There will be a different claim later. It will either be an enforcement action by them if we somewhere along the administrative process don't object, we'll be bound by that assessment, and they'll come in with a judgment enforcement action. So what's the problem with dismissing it without prejudice, which is typically what would happen in cases like this? Well, I think what, Your Honor, what both parties agree is the real issue is with prejudice as to what. There's no question that if the process is exhausted and somebody has a claim after that, a merits claim, that that can be brought. But, again, it will be a very different action. It will either be an enforcement action or, as you see in these Anaheim papers they gave you, it will be a written, if the COTCs don't like the result, it will be an administrative mandamus action, either maybe not even before this Court. Let me just ask you as a practical matter. Sure. I'd hate to be back up here arguing prejudice as to what. Well, I will be. And so why wouldn't it make sense here, as in most cases, failure to exhaust dismissal without prejudice? Well, I think, again, it's only a matter of clarifying that point. With our perspective, the dismissal with prejudice, what, because it's. Answer my question. Is there any prejudice to you if it's dismissed without prejudice? As long as it's clear as to what. I mean, again, that. Case. Well, on the merits, there's not a problem. But when there's, when the grounds for dismissal is jurisdiction, with prejudice only means you can't bring another claim subject to the same jurisdictional problem. No, but now answer my question, okay? Yeah. Exhaustion is not jurisdictional. It's prudential. Is there any prejudice to your client if the case is dismissed without prejudice? As long as it's clear that what's, that it's, that it is with prejudice as to bringing an action without exhausting number one and without having a ripened tax assessment that can be properly brought. But, again, to make clear that it isn't necessarily this Court, not necessarily this Court that would get that new action or revived action, Your Honors, because if it's a judgment enforcement action, that's a very different cause, very different complaint than what they filed. And if it's an administrative mandamus or refund lawsuit by the OTCs, that's going to be the OTC's lawsuit. So as a practical matter, Your Honor, it may cause more confusion not to dismiss with prejudice than to dismiss with prejudice, but to make clear that it's only on jurisdictional grounds and that if someone has a later ripened claim after an exhausted process, they can bring it. So I hope, I hope that's clear enough, Your Honor. I think there may be a practical obtusion if it isn't made clear that it is with prejudice to the one as to the, as to, as to the subject matter jurisdiction issue. Finally, Your Honors, if there is any inclination, despite all this, not to dismiss because of failure to exhaust, we assert that they have failed to state a claim. Clearly, because this tax is only imposed on rent, and rent is defined as the amount charged by a hotel. They waived that issue below as we set forth in our brief, and that round alone requires them to lose on failure to state a claim, as well as the fact that we're not operators of hotels. I direct Your Honors to the Pitt County United States Court of Appeals Fourth Circuit decision that we submitted on Friday, where dismissal with prejudice there, they didn't have a process to exhaust, but the complaint was dismissed with prejudice on the grounds that these, on the grounds that under the plain meaning of operators of hotels and similar businesses, the OTCs can't be hotels. And the rule of ambiguity that applies everywhere to tax statutes, even if there was ambiguity, it would have to be construed against the government and in favor of the OTCs. Thank you, Your Honor. Thank you. Just briefly, Your Honor. With respect to the ripeness issue, this – there's no question that the issue is – that the controversy is ripe, because the defendants have been owing taxes under the ordinance since they started to operate in the manner in which they did. Plaintiff's complaint contains a declaratory relief action. Last week, the plaintiff submitted additional authorities, including a decision from the Georgia Supreme Court and a district court decision out of Tennessee. Both of those – in fact, four decisions we submitted, and the two I just mentioned, do a very thorough analysis on the exhaustion issue. All four cases find that it would be futile to exhaust administrative remedies in the exact context that is presented here, because the defendants take the position that they are not subject to the ordinance at all. The assessment tool is a tool to talk – to try and resolve the amount of tax that is owed. And in that way, it is really a remedy – it's a damages sort of remedy issue as opposed to the liability issue up front. With respect to this, without – with or without prejudice, the law is plain that the dismissal should have been without prejudice in the event that this Court upholds the dismissal at all because of the fact that it was just an exhaustion and not on the merits. And finally, with respect to the operator issue, it would be an extraordinary result for this Court to hold on a motion to dismiss based only on the pleadings that plaintiff has failed to demonstrate that the defendants who are – who, as plaintiff alleges, are collecting tax and already operating as operators under the statute would be entitled to dismissal just based on a legal determination that they're not subject to the ordinance's provisions. Thank you. Thank you. The case just argued of Oakland v. Hotels.com is submitted. I thank both counsel, both for the briefing and the argument.
judges: Noonan, McKeown, Archer